UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE CALVO<br><br>                            Plaintiff,<br><br>             – against –<br><br>NBC UNIVERSAL MEDIA, LLC, WNJU BROADCASTING, LLC d/b/a TELEMUNDO, and LILIANA ARISTIZABAL, *in her individual capacity as aider and abettor*,<br><br>                        Defendants. | **COMPLAINT**<br><br>Case No.: _____<br><br>**Jury Trial Demanded** |

Plaintiff, **JORGE CALVO**, by and through his attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

## I.    NATURE OF THE ACTION

1.    This is an action for declaratory, monetary, injunctive and affirmative relief based upon Defendants' violations of: Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000-e, *et seq.*, ("Title VII"); the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296 and 297, *et seq.*; the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code § 8-107, *et seq.*; Americans with Disabilities Act of 1990 ("ADA") as amended in 2008 by 42 U.S.C. § 12101 ("ADAAA"), *et seq.*; the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, *et seq.*, ("FMLA"); N.Y. Civil Rights Law §§ 40-c and 40-d, along with other appropriate rules, regulations, statutes, and ordinances.

## II.   JURISDICTION AND VENUE

2.   This court maintains jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. §12117,  29 U.S.C. § 2617, and 28 U.S.C. § 1331.

3.   This Court has jurisdiction over all state claims brought in this action pursuant to 28 U.S.C. § 1367.

4.   Pursuant to 28 U.S.C. § 1391, this action properly lies in the United States District Court for the Southern District of New York, because the violations occurred within this judicial district.

5.   Plaintiff brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on October 30, 2015. A true and accurate copy is attached hereto as "Exhibit 1."

6.   This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.   PARTIES

7.   Plaintiff, **JORGE CALVO**, is a citizen of the United States and a resident of the State of New York, County of Nassau.

8.   At all times relevant herein, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 2000e (f), 42 U.S.C. § 12111(4), 28 U.S.C. § 2611(2)(A), and a "person" within the meaning of Section 292 of the NYSHRL and Section 8-102(1) of the NYCHRL.

9.   During the period of Plaintiff's approved period of leave, he suffered from a "serious health condition" within the meaning of 28 U.S.C. § 2611(11).

10. Upon information and belief, Defendants, **NBC UNIVERSAL, LLC** and **WNJU BROADCASTING, LLC d/b/a TELEMUNDO** ("Corporate Defendants") are media and entertainment companies conducting business at 30 Rockefeller Plaza, New York, New York.

11. Upon information and belief, at all times relevant herein, Defendant, **LILIANA ARISTIZABAL** ("Aristizabal"), was a domiciliary of the State of New York.

12. At all times relevant herein, Aristizabal is or was the Vice President of Sales for Defendants and Plaintiff's supervisor.

13. At all times relevant herein, Aristizabal was responsible for ensuring a workplace free of discrimination.

14. Due to her status as Vice President of Sales where Plaintiff was employed, and her discriminatory actions, Aristizabal is being sued in her individual capacity as an aider and abettor.

15. Upon information and belief, at all times relevant herein, Corporate Defendants and Aristizabal (collectively "Defendants") were Plaintiff's "employer" within the meaning of 42 U.S.C. § 2000e (b), 42 U.S.C. § 12111(5), 28 U.S.C. § 2611(4)(A), Section 292(5) of the NYSHRL and Section 8-102(1) of the NYCHRL.

16. Upon information and belief, at all times relevant herein, Corporate Defendants employed more than fifty (50) employees pursuant to 29 U.S.C. § 2611.

3

17. At all times relevant herein, Plaintiff worked no less than one thousand two hundred fifty (1,250) hours for Corporate Defendants within a given twelve (12) month period.

## IV.  FACTS

18. Plaintiff repeats and realleges each and every allegation contained herein.

19. In or about September 1992, Plaintiff began his employment with Corporate Defendants as an account manager.

20. Plaintiff enjoyed a highly successful career and was promoted several times, ultimately obtaining the position of Local Sales Manager, a position he held up to his termination.

21. Throughout Plaintiff's career, he had been an effective team leader.

22. During Plaintiff's tenure with the Defendants he had sales professionals working under his direction to generate substantial sales and revenue.

23. At all times relevant herein, Corporate Defendants have maintained a sales policy by which annual sales targets are established two (2) months before the start of the new year.

24. Beyond establishing annual sales goals, Corporate Defendants implemented a series of competing and contradictory policies and procedures regarding, amongst other issues: staffing, professional support, assigned job duties, management, business generation, and the allocation of company resources.

25. The Corporate Defendants' inconsistent application of their policies created a series of obstacles which were detrimental to generating sales and revenue.

4

26.  In 2013, Plaintiff's duties were increased while his support staff was reduced.

27.  The increase in job-related duties assigned to Plaintiff coupled with Corporate Defendants' strategic reduction of his support staff made it increasingly difficult for Plaintiff to meet his sales quota.

28.  Defendants actively discriminated against Plaintiff by and through the pattern of institutional interference set forth above.

29.  In February 2014, Corporate Defendants hired Defendant Aristizabal as a new Vice President of Sales, along with a new General Manager.

30.  In or about March of 2014, Defendant Aristizabal approached Plaintiff after hours and stated words to the effect that she could make his work life easier if he was to go out with her for drinks.

31.  Plaintiff politely declined her proposition with the excuse that he does not drink.

32.  From that point forward, Defendant Aristizabal's attitude and demeanor changed toward Plaintiff.

33.  In July 2014, Plaintiff was involved in a car accident and sustained numerous injuries.

34.  As a consequence of this accident, Plaintiff was out of work from July 28, 2014 through December 2, 2014.

35.  Plaintiff took leave under the FMLA.

36.  Plaintiff attempted to return to work in mid-November 2014 on a part-time basis, but was denied the opportunity.

37.     Plaintiff was only permitted to return to work in December 2014 in a full-duty capacity.

38.     Plaintiff was out of work for nearly five (5) months.

39.     During Plaintiff's absence, Defendants failed to adjust his sales quota, nor did they provide alternative accommodations following his approved period of leave.

40.     Notwithstanding Defendants' failure to adjust his sales quota, after working only seven-twelfths (7/12) of the year, Plaintiff was able to achieve 92% of his 2014 sales quota.

41.     In or around January 2015, Plaintiff objected to being held to a full-year sales quota which did not reflect his period of leave.

42.     Defendants made no alteration to Plaintiff's quota to reflect his approved FMLA absence.

43.     Aristizabal pulled Plaintiff aside and again reiterated that there was a way to make his work life easier.

44.     Aristizabal implied that if Plaintiff was to acquiesce to her advances the unfounded scrutiny of his work performance would cease.

45.     While making this comment, Aristizabal deliberately touched Plaintiff.

46.     Plaintiff again refused Aristizabal's advances and told her that such actions were highly inappropriate.

47.     Defendant Aristizabal responded by telling Plaintiff that he would see what happens and laughed as she exited his office.

6

48. After Plaintiff lodged his complaints, he was subjected to unwarranted and heightened scrutiny on the job by Defendants.

49. On January 16, 2015, after rebuffing her advances, Plaintiff again met with Defendant Aristizabal, for his 2014 performance review; the review was unsatisfactory.

50. As a result, Plaintiff was placed on a performance improvement plan ("PIP") that was initially scheduled to end March 30, 2015, but later was extended to April 6, 2015.

51. Defendant Aristizabal advised Plaintiff of several areas of purported "concern." These areas included sales, leadership, business development, pricing strategy and outreach efforts.

52. Plaintiff disagreed with Defendant Aristizabal's assessment of his performance, particularly since the overwhelming majority of Aristizabal's purported "concerns" were based upon the fact that he had missed significant time in 2014 for approved medical leave.

53. In that meeting, Plaintiff provided Defendant Aristizabal with substantial evidence indicating that her criticism was not supported by the facts.

54. Defendants' PIP called for successive follow-up meetings with Aristizabal, and Lynn Costa, Vice-President of Human Resources.

55. On January 29, 2015, Plaintiff attended a follow-up meeting.

56.  During this meeting, Plaintiff was presented with a quota of sales calls he was required to make. The number of required calls was objectively unreasonable given the additional duties required of his managerial position.

57.  Plaintiff explained that his position required that he attend to many client obligations, which prevented him from allocating such significant time to the placement of sales calls.

58.  Aristizabal and Ms. Costa were not receptive to Plaintiff's input and ignored his specific objections to the number of sales calls for which he was now responsible.

59.  Plaintiff was required to attend follow-up meetings twice (2) per month moving forward.

60.  The PIP was an example of the heightened scrutiny to which Plaintiff was subjected after taking medical leave and rebuffing his direct supervisor's unwanted sexual advances.

61.  The PIP created a series of unreasonable and unrealistic demands. Despite this fact, Plaintiff met or exceeded each and every "requirement." In fact, he was on pace to meet his individualized sales quota for 2015.

62.  While Defendants initially challenged Plaintiff's sales numbers when Plaintiff met his sales goals, Defendants then cited to Plaintiff's alleged lack of "being a team player," his management of subordinates, and other subjective criteria as a means by which to criticize his job performance.

8

63.  The PIP and the corresponding imposition of unreasonable demands which were placed upon Plaintiff's position were the result of his previous period of medical leave, Defendants' perception that he was in some way disabled, and Plaintiff having rebuffed Aristizabal's inappropriate sexual advances.

64.  Plaintiff was subject to false and pre-textual criticism of his job performance on a regular basis all of which stemming from his past period of medical leave.

65.  On or around March 2015, Aristizabal commented to Plaintiff that "I can see you are really trying, but you are not going to get there."

66.  Thus, Aristizabal's statement reflected that the PIP meetings were a sham and not based upon any objective evaluation of Plaintiff's skills or necessary need to improve my work performance.

67.  On or about March 27, 2015, Defendants terminated Plaintiff's employment, which spanned over two (2) decades, for discriminatory reasons.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Title VII—Quid Pro Quo Sexual Harassment)

68.  Plaintiff repeats and realleges each and every allegation contained herein.

69.  Aristizabal is an employee of Corporate Defendants who propositioned Plaintiff.

70.  Aristizabal's sexual advances constituted sexual harassment.

71.  The sexual harassment took the form of conditioning Plaintiff's ease of work load and by extension, continued employment, provided that he acquiesce to Aristizabal's sexual advances.

72.  Aristizabal's actions were undesirable, unwelcomed, and offensive.

73.  Plaintiff did not invite Aristizabal's sexual advances.

74.  As a consequence of Plaintiff rejecting Aristizabal's sexual advances, he suffered from unwarranted and heightened workplace scrutiny, along with unreasonable and unrealistic demands at work.

75.  As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

76.  Defendants' conduct was done in conscious disregard of Plaintiff's rights.

77.  Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorneys' fees from Defendants in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(NYSHRL—Gender Discrimination)

78.  Plaintiff repeats and realleges each and every allegation contained herein.

79.  Aristizabal is an employee of Corporate Defendants who propositioned Plaintiff.

80.  Aristizabal's sexual advances constituted sexual harassment.

81. The sexual harassment took the form of conditioning Plaintiff's ease of work load and by extension, continued employment, provided that he acquiesce to Aristizabal's sexual advances.

82. Aristizabal's actions were undesirable, unwelcomed, and offensive.

83. Plaintiff did not invite Aristizabal's sexual advances.

84. As a consequence of Plaintiff rejecting Aristizabal's sexual advances, he suffered from unwarranted and heightened workplace scrutiny, along with unreasonable and unrealistic demands at work, which culminated in his wrongful termination of employment.

85. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

86. Defendants' conduct was done in conscious disregard of Plaintiff's rights.

87. Plaintiff is entitled to equitable and injunctive relief and compensatory damages and expenses from Defendants in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
(NYCHRL—Gender Discrimination)

88. Plaintiff repeats and realleges each and every allegation contained herein.

89. Aristizabal is an employee of Corporate Defendants who propositioned Plaintiff.

90. Aristizabal's sexual advances constituted sexual harassment.

91. The sexual harassment took the form of conditioning Plaintiff's ease of work load and by extension, continued employment, provided that he acquiesce to Aristizabal's sexual advances.

92. Aristizabal's actions were undesirable, unwelcomed, and offensive.

93. Plaintiff did not invite Aristizabal's sexual advances.

94. As a consequence of Plaintiff rejecting Aristizabal's sexual advances, he suffered from unwarranted and heightened workplace scrutiny, along with unreasonable and unrealistic demands at work, which culminated in his wrongful termination of employment.

95. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

96. Defendants' conduct was done in conscious disregard of Plaintiff's rights.

97. Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorneys' fees from Defendants in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
(Title VII—Retaliation)

98. Plaintiff repeats and realleges each and every allegation contained herein.

99. Defendants retaliated against Plaintiff because of his lawful complaints regarding acts of gender discrimination to which he was subjected, as stated above, which collectively resulted in Plaintiff's termination.

100.   As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

101.   As a further proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages.

102.   Therefore, Plaintiff is entitled to equitable and injunctive relief, attorneys' fees, and an award of punitive and compensatory damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
(NYSHRL—Retaliation)

103.   Plaintiff repeats and realleges each and every allegation contained herein.

104.   Defendants retaliated against Plaintiff because of his lawful complaints regarding acts of gender discrimination to which he was subjected, as stated above, which collectively resulted in Plaintiff's termination.

105.   As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

106.   As a further proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment,

humiliation and anguish, and other incidental and consequential damages.

107. Therefore, Plaintiff is entitled to equitable and injunctive relief and compensatory damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### (NYCHRL—Retaliation)

108. Plaintiff repeats and realleges each and every allegation contained herein.

109. Defendants retaliated against Plaintiff because of his lawful complaints regarding acts of gender discrimination to which he was subjected, as stated above, which collectively resulted in Plaintiff's termination.

110. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

111. As a further proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages.

112. Therefore, Plaintiff is entitled to equitable and injunctive relief, attorneys' fees, and an award of punitive and compensatory damages in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
### (FMLA—Retaliatory Discharge)

113. Plaintiff repeats and realleges each and every allegation contained herein.

114. Despite Plaintiff's entitlement to FMLA leave, Plaintiff was subject to

harassment and unlawful comments, culminating in the termination of his employment in or about March 2015.

115. The above acts were undertaken in retaliation for Plaintiff exercising his rights under the FMLA.

116. Defendants' conduct was undertaken in conscious disregard of Plaintiff's rights.

117. Plaintiff is entitled to an award of liquidated damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a).

## EIGHTH CLAIM FOR RELIEF
(Perceived Disability Discrimination—ADAAA)

118. Plaintiff repeats and realleges each and every allegation contained herein.

119. Defendants discriminated against Plaintiff on the basis of his perceived disability, by failing to adjust his sales quota, and not providing alternative accommodations following his approved period of leave.

120. Indeed, Defendants placed Plaintiff on a PIP for false and pretextual reasons.

121. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, and other employment benefits.

122. As a further and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and other incidental and

consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

123. Defendants' conduct was done in conscious disregard of Plaintiff's rights.

124. Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorney's fees in an amount to be determined at trial.

### NINTH CLAIM FOR RELIEF
(Perceived Disability Discrimination—NYSHRL)

125. Plaintiff repeats and realleges each and every allegation contained herein.

126. Defendants discriminated against Plaintiff on the basis of his perceived disability, by failing to adjust his sales quota, and not providing alternative accommodations following his approved period of leave.

127. Indeed, Defendants placed Plaintiff on a PIP.

128. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation and other employment benefits.

129. As a further and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and other incidental and consequential damages and expenses.

130. Defendants' conduct was in conscious disregard of Plaintiff's rights.

131. Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF
(Perceived Disability Discrimination—NYCHRL)

132. Plaintiff repeats and realleges each and every allegation contained herein.

133. Defendants discriminated against Plaintiff on the basis of his perceived disability, by failing to adjust his sales quota, and not providing alternative accommodations following his approved period of leave.

134. Indeed, Defendants placed Plaintiff on a PIP.

135. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation and other employment benefits.

136. As a further and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and other incidental and consequential damages and expenses.

137. Defendants' conduct was in conscious disregard of Plaintiff's rights.

138. Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## ELEVENTH CLAIM FOR RELIEF
(Aider and Abettor, Aristizabal—NYSHRL)

139. Plaintiff repeats and realleges each and every allegation contained herein.

140. The foregoing acts pleaded above were aided and abetted by the Aristizabal in violation of NYCHRL § 8-107 (6).

141. As a proximate result of Aristizabal's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

142. As a further proximate result of Defendant Aristizabal's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage, in an amount to be determined at trial.

## ELEVENTH CLAIM FOR RELIEF
(Aider and Abettor, Aristizabal—NYCHRL)

143. Plaintiff repeats and realleges each and every allegation contained herein.

144. The foregoing acts pleaded above were aided and abetted by the Aristizabal in violation of NYCHRL § 8-107 (6).

145. As a proximate result of Aristizabal's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

146. As a further proximate result of Defendant Aristizabal's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment,

humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage, in an amount to be determined at trial.

### THIRTEENTH CLAIM FOR RELIEF
(New York Civil Rights Law— §§ 40-c and 40-d)

147.  Plaintiff repeats and realleges each and every allegation contained herein.

148.  Plaintiff has been discriminated against by Aristizabal on the basis of his sex, in that Aristizabal engaged in a course of conduct which included treating Plaintiff differently than non-male employees and wrongfully discharging Plaintiff because of his sex.

149.  Aristizabal's conduct was done in conscious disregard of Plaintiff's rights.

150.  Aristizabal's conduct was in violation of section two hundred ninety-two (292) of the New York Executive Law.

151.  Pursuant to New York Civil Rights Law § 40-d, Plaintiff Ramon provided notice to the Office of the New York Attorney General regarding this claim.

152.  Plaintiff is entitled to a penalty of not less than one hundred dollars ($100.00) nor more than five hundred dollars and judgment that Aristizabal is guilty of a class A misdemeanor.

### VI. DEMAND FOR JURY TRIAL

153.  Plaintiff repeats and realleges each and every allegation contained herein.

154.  Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, as a result of the discriminatory conduct and actions of Defendants herein alleged, Plaintiff demands:

a. on the first (1) through twelfth (12) claims for relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

b. on the thirteenth (13) claim for relief, an award of one hundred dollars ($100.00), and judgment that Aristizabal is guilty of a class A misdemeanor pursuant to New York Civil Rights Law § 40-d;

c. issuing a mandatory injunction pursuant to 29 U.S.C. § 2617(a)(1) directing the Defendant to rehire Plaintiff retroactive to March 2015, to his former position, or one comparable;

d. issuing a mandatory injunction, pursuant to 29 U.S.C. § 2617(a)(1), directing Defendant to reinstate all of Plaintiff's employment benefits, retroactive to about March 2015.

e. enjoining Defendants, its agents, employees, officers, and successors in interest, from engaging in the illegal and unlawful customs, policies, and practices described herein;

f. awarding Plaintiff compensatory, liquidated and punitive damages, to the extent permitted by law, in an amount to be determined at trial;

g. awarding Plaintiff the costs and disbursements this action, including

reasonable attorneys' fees;

h.      awarding Plaintiff pre and post judgment interest; and

i.      awarding Plaintiff such other and further relief as the court deems just

and proper.

Dated: Bohemia, New York
       December 22, 2015

                                        ZABELL & ASSOCIATES, P.C.
                                        *Attorneys for Plaintiff*

                              By:_____
                                   Saul D. Zabell, Esq.
                                   One Corporate Drive, Suite 103
                                   Bohemia, NY 11716
                                   Tel.: (631) 589-7242
                                   Fax: (631) 563-7475
                                   szabell@laborlawsny.com